UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LANDSTAR, INC., a Nevada Corporation,   Case No.: 19-cv-1121

               Plaintiff,

- against -

HUBAI CHUGUAN INDUSTRY CO, LTD., a Chinese Corporation,   **COMPLAINT**

               Defendant,

and MADISON STOCK TRANSFER INC., a New York Corporation.

               Nominal Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, LandStar, Inc. ("LandStar" or "plaintiff"), by its undersigned attorneys, for its complaint, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action for a declaratory judgment and breach of contract arising out of the disputed ownership of certain shares of LandStar stock that are currently reflected on the shareholder list maintained by defendant Madison Stock Transfer Inc. ("Madison") as being owned by defendant Hubai Chuguan Industry Co., Ltd ("Chuguan"). LandStar seeks a judicial declaration that it is the true owner of the shares, and that Madison be directed to cancel the shares and return to Landstar, as set forth more fully below.

## PARTIES

2.    LandStar is a corporation organized under the laws of the State of Nevada and having a place of business located at 101 J Morris Commons Lane, Suite 105, Morrisville, North Carolina, 27560.

3.    For purposes of diversity, LandStar is a citizen of Nevada.

4. Upon information and belief, Defendant Chuguan is a corporation organized and existing under the laws of the People's Republic of China, and having its principal place of business in Beijing, China.

5. For purposes of diversity, Chuguan is a citizen of China.

6. Upon information and belief, Madison is a corporation organized under the laws of the State of New York, having its principal place of business located at 2500 Coney Island Avenue, Brooklyn, New York.

7. For purposes of diversity, Madison is a citizen of New York.

8. There is therefore complete diversity of citizenship.

## JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court has supplemental jurisdiction of Plaintiff's various state law claims pursuant to 28 U.S.C. Section 1367(a).

11. Venue is proper in this District pursuant to 27 U.S.C. §1391(a), in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is subject to this action is situated.

## FACT COMMON TO ALL CLAIMS FOR RELIEF

12. LandStar is a publicly traded company.

13. Books and records of LandStar reflect that approximately ten years ago a share certificate for 1,500,000,000 shares of LandStar common stock (the "Shares") was prepared, though there is no evidence it was ever actually issued to or delivered to Chuguan.

14. The Shares have a market value in excess of $5 million.

15. Plaintiff is not in possession of any records of any documents memorializing the issuance of the Shares, nor is it in possession of any records of any consideration being paid for the Shares. There is also no documentation reflecting that the stock certificate for the Shares was ever delivered to Chuguan. Accordingly, plaintiff maintains that the Shares were never actually issued or delivered to Chuguan; that Chuguan is not the owner of the Shares; and, that the Shares should be returned to plaintiff as unissued and authorized shares.

16. Although plaintiff has made reasonable efforts to determine the basis for the issuance of the Shares, including by reaching out to former transfer agents and to Chuguan, it has not received any evidence that the Shares were properly issued or even delivered to Chuguan.

17. Among other things, LandStar reached out to Chuguan, but its letters were returned as undeliverable.

18. Madison is currently LandStar's transfer agent. A transfer agent keeps records of who owns a company's stocks and bonds and how those stocks and bonds are held—whether by the owner in certificate form, by the company in book-entry form, or by the investor's brokerage firm in street name. They also keep records of how many shares or bonds each investor owns.

19. According to Madison's records, Chuguan is listed as the owner of the Shares based upon the existence of the stock certificates listing Chuguan as the owner of the Shares. Madison has informed plaintiff that it has no other documentation memorializing the issuance of the Shares, and is not in possession of any records of consideration being paid for the Shares.

20. Despite having no records of Chuguan's ownership of the Shares, Madison will not remove Chuguan's name from the actual stock certificates and will not remove Chuguan as an owner of the Shares absent a Court Order.

21. Accordingly, plaintiff seeks the relief set forth below.

## FIRST CLAIM FOR RELIEF
(DECLARATORY JUDGMENT)

22. LandStar realleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as if fully set forth herein.

23. A dispute has arisen between the parties concerning the respective rights, interests and privileges with respect to the Shares.

24. As set forth above, Chuguan is not the owner of the Shares and stock certificates and plaintiff entitled to treat the Shares as unissued and authorized.

25. Chuguan has or may claim some right to the Shares and stock certificates.

26. Despite request, Madison refuses to remove Chuguan's name from the actual stock certificates and will not remove Chuguan as the owner of the Shares.

27. Plaintiff has no adequate remedy at law.

28. LandStar is entitled to a judicial declaration that LandStar is the owner of the Shares and stock certificates, free and clear of any claims or encumbrances of Chuguan; that Chuguan and all persons and entities claiming under Chuguan be forever barred from all claim of ownership or interest in the Shares or stock certificates; and directing Madison to (i) remove Chuguan as an owner of the Shares or stock certificates; (ii) designate the Shares as unissued and authorized shares of LandStar; (iii) deliver the Shares and stock certificates to Landstar; and, (iv) take whatever steps may be necessary to effectuate same.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff LandStar seeks judgment against Defendants as follows:

    i.        On the First Claim for Relief, LandStar requests that the Court enter a judicial declaration that Chuguan is not the owner of the Shares and stock certificates, and that the Shares should be designated as unissued and authorized shares of LandStar, free and clear of any claims or encumbrances of Chuguan; that Chuguan and all persons and entities claiming under Chuguan be forever barred from all claim of ownership or interest in the Shares or stock certificates; and directing Madison to remove Chuguan as an owner of the Shares or stock certificates and to designate the Shares as unissued and authorized shares of Landstar, and to deliver the Shares and stock certificates to Landstar, and to take whatever steps may be necessary to effectuate same and for damages in an amount to be determined by the Court; and

    ii.        On all Claims for Relief, for interest, attorneys' fees and the costs and disbursements of this action; and

    iii.        For such other further relief as the Court may deem just, proper, and in the interest of justice.

Dated: February 25, 2019
New York, New York

                      LAW OFFICE OF JEFFREY FLEISCHMANN PC
                      By: /s/Jeffrey Fleischmann
                      Jeffrey Fleischmann, Esq.

*Attorneys for Plaintiff LandStar, Inc.*

150 Broadway, Suite 900
New York, N.Y. 10038
Tel. (646) 657-9623
Fax (646) 351-0694
jf@lawjf.com