UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LANDSTAR, INC, a Nevada Corporation,

                              Plaintiff,

             -against-

HUBAI CHUGUAN INDUSTRY CO, LTD., a Chinese Corporation

                              Defendant(s)

             -against-

MADISON STOCK TRANSFER, Inc. a New York Corporation

                        Nominal Defendant

----------------------------------------------------------X

Index №: 19-CV-01121

# ANSWER

Hon. _____
MJ _____

     Defendant Madison Stock Transfer, Inc. (hereinafter "MST" or "Madison"), by and through their attorney Marshal Shichtman & Associates, P.C., hereby submits an Answer to the Plaintiff's Complaint, dated 25 February 2019 (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

1. Nominal Defendant Madison stock transfer ("Madison") hereby expresses no opinion based upon the plaintiff preliminary statement.

**PARTIES**

2. Regarding paragraphs 2 through 7: Nominal Defendant Madison hereby admits to paragraphs 2 through 7 of the plaintiff's complaint, regarding corporate citizenship of the parties.

3. Regarding paragraph 8:  Nominal Defendant Madison neither admits nor denies the allegations contained in paragraph eight, regarding conclusions of law of complete diversity of citizenship.

**JURISDICTION AND VENUE**

4. Regarding paragraphs 9 through 11: Nominal Defendant Madison neither admits nor denies the allegations contained in paragraphs 9 through 11 of the complaint, in so much as they are conclusions of law.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5. Regarding paragraph 12: Nominal Defendant Madison admits that Landstar is a public traded company.

6. Regarding paragraph 13: Nominal Defendant Madison hereby admits that Defendant Hubai Chuguan Industry Co., Ltd. ("Chuguan") is the entitlement holder and owner of record of certificate № LS.2913 representing 1,500,000,000 common voting shares of Plaintiff Landstar, Inc., issued on 27 January 2009.  ("Shares")

7. Regarding paragraph number 14: Nominal Defendant Madison neither admits nor denies the valuation of the contemplated Shares, nor the as of date the Shares were valued.

8. Regarding paragraph number 15: Nominal Defendant Madison neither admits nor denies the allegations contained in paragraph number 15, insomuch as Nominal Defendant Madison is not in possession of information sufficient to form an opinion or belief as to what the plaintiff is in possession of or not.

9. Regarding paragraph number 16 and 17: Nominal Defendant Madison neither admits nor denies the allegations contained in paragraph number 15, insomuch as Nominal Defendant Madison is not in possession of information sufficient to form an opinion or belief as to what the plaintiff did or did not do.

10. Regarding paragraph number 18: Nominal Defendant Madison admits the contents of paragraph 18.

11. Regarding paragraph number 19: Nominal Defendant Madison admits that Defendant Chuguan is on the shareholder list, and admits Nominal Defendant Madison is not in possession of documentation regarding issuance or consideration of the afore-contemplated Shares.

12. Regarding paragraph number 20: Nominal Defendant Madison admits it will not unilaterally cancel securities absent a court order, and denies having no records of Chuguan's ownership of the shares because Nominal Defendant Madison is in possession of, and the keeper of records of, the shareholder list of the issuer/Plaintiff, which is dispositive on title, but does not speak to consideration actually furnished or status as a holder in due course. .

**FIRST CLAIM FOR RELIEF – *Declaratory Judgment***

13. Regarding paragraphs 22 through 25: Nominal Defendant Madison neither admits nor denies the allegations contained in paragraphs 22 through 25, and does not possess information sufficient to form an opinion or belief thereon.

14. Regarding paragraph 26: Nominal Defendant Madison admits it will not unilaterally cancel securities absent a court order.

15. Regarding paragraph 27: Nominal Defendant Madison neither admits nor denies the allegations contained in paragraphs 27 and 28, and expresses no opinion thereon.

16. Regarding paragraph 28: Nominal Defendant Madison neither admits nor denies the allegations contained in paragraph 28, and express no opinion thereon for requests for relief.

**CLAIM FOR RELIEF**

17. Regarding paragraphs I through III: Nominal Defendant Madison stock transfer neither admits nor denies the allegations contained in paragraph I through III, and expresses no opinions as to the Plaintiff's conclusions of law.

*WHEREFORE*, Nominal Defendant Madison expresses no opinion on the merits of the litigation but is happy to have the matter adjudicated and adhere to the order of the court.

Yours, etc.,

*Marshal Shichtman, Esq.*
By: Marshal Shichtman Esq.
*Counsel for Defendants*
One Old country Road
Suite 360
Carle Pl., New York, 11514
Tel     (516) 741-5222
fax:    (516) 741-5212
Marshal@lawMSA.com

**Distribution List:**

Jeffrey Fleischmann, Esq.
Law Office of Jeffrey Fleischmann, P.C.
*Counsel to Plaintiff LandStar, Inc.*
150 Broadway
Suite 900
New York, New York 10038
Tel     (646) 657-9623
Fax    (646) 351-0694
jf@lawjf.com