Mustafa David Sayid, Esq.
Sayid and Associates LLP
308 Spring Lane,
Haworth, New Jersey 07641
sayidandassoc@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**LANDSTAR, INC., a Nevada Corporation,**                    :
                                                             :   **Case No.: 19-cv-1121**
                                                             :
                    **Plaintiff,**                           :
        **- against -**                                      :
                                                             :
**HUBAI CHUGUAN INDUSTRY CO., LTD., a Chinese**              :
**Corporation, AND**                                         :
                    **Defendant,**
                                                             :
**MADISON STOCK TRANSFER, INC., a New York**                 :
**Corporation**                                              :
                                                             :
                    **Nominal Defendants.**                  :
-------------------------------------------------------------x

### VERIFIED ANSWER

Defendant Hubai Chuguan Industry Co., Ltd. (hereinafter, the "Defendant") by and through their

attorneys, Sayid and Associates LLP as and for their Verified Answer to the complaint of Plaintiff,

Landstar, Inc. (hereinafter, the "Plaintiff"), allege, upon information and belief, as follows:


1. Defendant denys knowledge and information sufficient to form a belief as to the truth and

accuracy of the allegations contained in paragraph "1" of the Complaint.


2. Defendant denys knowledge and information sufficient to form a belief as to the truth and

accuracy of the allegations contained in paragraph "2" of the Complaint.

3. Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "3 of the Complaint.

4. Admit to the allegations contained in paragraph "4" of the Complaint.

5. Admit to the allegations contained in paragraph "5" of the Complaint.

6. Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "6" of the Complaint.

7. Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "7" of the Complaint.

8. Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "8" of the Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "9" of the Complaint.

10. Paragraph 10 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "10" of the Complaint.

11. Paragraph 11 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "11" of the Complaint.

## FACT COMMON TO ALL CLAIMS FOR RELIEF

12. Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "12" of the Complaint.

13. Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "13" of the Complaint.

Defendant admits that on or about October 2008, the Defendant entered into a binding exchange agreement with the Plaintiff.

The Defendant properly received a certificate to the Shares and in exchange, the Plaintiff received certain corporate shares as completion of each party's responsibility pursuant to a certain Exchange Agreement dated October 2008 by and between the Plaintiff and the Defendant.

In 2015: It should be noted that in the Plaintiff's OTC Pink Basic Disclosure for the period ending **December 31, 2015**, Section 8 entitled, Officers, Directors and Control Persons, Subsection C states Beneficial Shareholders, Plaintiff discloses that :

Hubai Chuguan Industry Co. Ltd. – Long Zegui - 1,500,000,000 shares of common stock – 40.71% ownership, Suite 1306, Building D Jinyou Mansion, 12 Madianyumin Road, Chaoyang District, Beijing.  This 2015 OTC Pink Basic Disclosure filing was Issuer Certified by William Alessi, CEO of the Plaintiff in 2015, who stated in his Issuer Certification that :

- 3 -

"1. I have reviewed this annual disclosure statement of Landstar, Inc.

2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this disclosure statement; and

3. Based on my knowledge, the financial statements, and other financial information included or incorporated by reference in this disclosure statement, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in this disclosure statement.                   Dated: December 2, 2017"

In 2016:  It should be noted that in the Plaintiff's OTC Pink Basic Disclosure for the

period ending **December 31, 2016**, Section 8 entitled, Officers, Directors and Control Persons,

Subsection C states Beneficial Shareholders, Plaintiff discloses that :

Hubai Chuguan Industry Co. Ltd. -- Long Zegui - 1,500,000,000 shares of common stock --

40.71% ownership, Suite 1306, Building D Jinyou Mansion, 12 Madianyumin Road, Chaoyang

District, Beijing.  This 2016 OTC Pink Basic Disclosure filing was Issuer Certified by William

Alessi, CEO of the Plaintiff in 2016, who stated in his Issuer Certification that :

"1. I have reviewed this annual disclosure statement of Landstar, Inc.

2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this disclosure statement; and

3. Based on my knowledge, the financial statements, and other financial information included or incorporated by reference in this disclosure statement, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in this disclosure statement.                   Dated: December 2, 2017"

In 2017:  It should be noted that in the Plaintiff's Annual Report for the period ending

**December 31, 2017,** Section 8 entitled, Officers, Directors and Control Persons, Subsection B

states Beneficial Shareholders, Plaintiff discloses that:

Hubai Chuguan Industry Co. Ltd. – Long Zegui - 1,500,000,000 shares of common stock – 38%

ownership, Suite 1306, Building D Jinyou Mansion, 12 Madianyumin Road, Chaoyang District,

Beijing.  This 2017 Annual Report filing was Issuer Certified by Jason Remillard, CEO of the

Plaintiff, who stated in his Issuer Certification that :

"1. I have reviewed this Annual Report of Landstar, Inc.
  2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a
material fact or omit to state a material fact necessary to make the statements made, in light of the
circumstances under which such statements were made, not misleading with respect to the period
covered by this disclosure statement; and

  3. Based on my knowledge, the financial statements, and other financial information included or
incorporated by reference in this disclosure statement, fairly present in all material respects the
financial condition, results of operations and cash flows of the issuer as of, and for, the periods
presented in this disclosure statement.                            Dated: May 3, 2018."

      Accordingly, from the year end filing of 2015 and 2016, it is very evident that Landstar

and its management (William Alessi, previous CEO) was fully aware of the existence of the

beneficial shareholder, Hubai Chuguan Industry Co., Inc. and the Chuguan security position of

1,500,000,000 shares of Landstar.  It is crystal clear from the year end filing of the 2017 Annual

Report, that the current management (Jason Remillard, Landstar's current CEO) is aware of the

existence of the beneficial shareholder, Hubai Chuguan Industry Co., Inc. and the Chuguan

security position of 1,500,000,000 shares of Landstar, through Landstar's disclosures and Issuer

Certification dated May 3, 2018.


14. Defendant denys knowledge and information sufficient to form a belief as to the truth and

accuracy of the allegations contained in paragraph "14" of the Complaint.

15. Defendant denys knowledge and information sufficient to form a belief as to the truth and

accuracy of the allegations contained in paragraph "15" of the Complaint.


      Defendant admits that on or about October 2008, the Defendant entered into a binding

exchange agreement with the Plaintiff.  The Defendant properly received a certificate to the

Shares and in exchange, the Plaintiff received certain corporate shares as completion of each

- 5 -

party's responsibility pursuant to a certain Exchange Agreement dated October 2008 by and

between the Plaintiff and the Defendant.

In 2015: It should be noted that in the Plaintiff's OTC Pink Basic Disclosure for the

period ending **December 31, 2015**, Section 8 entitled, Officers, Directors and Control Persons,

Subsection C states Beneficial Shareholders, Plaintiff discloses that :

Hubai Chuguan Industry Co. Ltd. – Long Zegui - 1,500,000,000 shares of common stock –

40.71% ownership, Suite 1306, Building D Jinyou Mansion, 12 Madianyumin Road, Chaoyang

District, Beijing.  This 2015 OTC Pink Basic Disclosure filing was Issuer Certified by William

Alessi, CEO of the Plaintiff in 2015, who stated in his Issuer Certification that :

"1. I have reviewed the annual disclosure statement of Landstar, Inc.
 2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a
material fact or omit to state a material fact necessary to make the statements made, in light of the
circumstances under which such statements were made, not misleading with respect to the period
covered by this disclosure statement; and

 3. Based on my knowledge, the financial statements, and other financial information included or
incorporated by reference in this disclosure statement, fairly present in all material respects the
financial condition, results of operations and cash flows of the issuer as of, and for, the periods
presented in this disclosure statement.                           Dated: December 2, 2017"

In 2016: It should be noted that in the Plaintiff's OTC Pink Basic Disclosure for the

period ending **December 31, 2016**, Section 8 entitled, Officers, Directors and Control Persons,

Subsection C states Beneficial Shareholders, Plaintiff discloses that :

Hubai Chuguan Industry Co. Ltd. – Long Zegui - 1,500,000,000 shares of common stock –

40.71% ownership, Suite 1306, Building D Jinyou Mansion, 12 Madianyumin Road, Chaoyang

District, Beijing.  This 2016 OTC Pink Basic Disclosure filing was Issuer Certified by William

Alessi, CEO of the Plaintiff in 2016, who stated in his Issuer Certification that :

"1. I have reviewed this annual disclosure statement of Landstar, Inc.
 2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a
material fact or omit to state a material fact necessary to make the statements made, in light of the

- 6 -

circumstances under which such statements were made, not misleading with respect to the period covered by this disclosure statement; and

3. Based on my knowledge, the financial statements, and other financial information included or incorporated by reference in this disclosure statement, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in this disclosure statement.                              Dated: December 2, 2017"

In 2017: It should be noted that in the Plaintiff's Annual Report for the period ending

**December 31, 2017,** Section 8 entitled, Officers, Directors and Control Persons, Subsection B

states Beneficial Shareholders, Plaintiff discloses that:

Hubai Chuguan Industry Co. Ltd. – Long Zegui - 1,500,000,000 shares of common stock – 38%

ownership, Suite 1306, Building D Jinyou Mansion, 12 Madianyumin Road, Chaoyang District,

Beijing. This 2017 Annual Report filing was Issuer Certified by Jason Remillard, CEO of the

Plaintiff, who stated in his Issuer Certification that :

"1. I have reviewed this Annual Report of Landstar, Inc.

2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this disclosure statement; and

3. Based on my knowledge, the financial statements, and other financial information included or incorporated by reference in this disclosure statement, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in this disclosure statement.                              Dated: May 3, 2018."

Accordingly, from the year end filing of 2015 and 2016, it is very evident that Landstar

and its management (William Alessi, previous CEO) was aware of the existence of the beneficial

shareholder, Hubai Chuguan Industry Co., Inc. and the Chuguan security position of

1,500,000,000 shares of Landstar. It is crystal clear from the year end filing of the 2017 Landstar

Annual Report, that the current Landstar's management (Jason Remillard, Landstar's current

CEO) is fully aware of the existence of the beneficial shareholder, Hubai Chuguan Industry Co.,

Inc. and the Chuguan security position of 1,500,000,000 shares of Landstar, through Landstar's

disclosures and Issuer Certification dated May 3, 2018.

16. Defendant denys knowledge and information sufficient to form a belief as to the truth and
accuracy of the allegations contained in paragraph "16" of the Complaint.

Defendant admits to date that Defendant knows of no attempts made by the Plaintiff to
contact the Defendant.

17. Defendant denys knowledge and information sufficient to form a belief as to the truth and
accuracy of the allegations contained in paragraph "17" of the Complaint.

Defendant admits to date that Defendant knows of no attempts made by the Plaintiff to
contact the Defendant.

18. Paragraph 18 of the Complaint purports to state legal conclusions as to which no response is
required. To the extent any response is required, Defendant denys knowledge and information
sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph
"18" of the Complaint.

19. Paragraph 19 of the Complaint purports to state legal conclusions as to which no response is
required. To the extent any response is required, Defendant denys knowledge and information
sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph
"19" of the Complaint.

20. Paragraph 20 of the Complaint purports to state legal conclusions as to which no response is
required. To the extent any response is required, Defendant denys knowledge and information

sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "20" of the Complaint.

21. Paragraph 21 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys the allegations contained in paragraph 21 of the Complaint.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT)

22. Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "25" of the Complaint.

- 9 -

26. Paragraph 26 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "26" of the Complaint.

27. Paragraph 27 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "27" of the Complaint.

28. Paragraph 28 of the Complaint purports to state legal conclusions as to which no response is required. To the extent any response is required, Defendant denys the allegations contained in paragraph 28 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Plaintiff suffered no damages by reason of the acts complained of in the Complaint.

#### Third Affirmative Defense

Plaintiff have failed to mitigate any of the alleged damages.

#### Fourth Affirmative Defense

Plaintiff failed to exercise due diligence, were reckless and/or were negligent in the supervision of their financial affairs. Any and all damages for which Plaintiff seeks recovery herein were caused by Plaintiff's own culpable conduct, comparative and/or contributory negligence and/or assumption of the risks. As such, Plaintiffs are barred from

pursuing the instant claims, or, at a minimum, Plaintiff's recovery must be reduced and/or

negated in proportion to their negligence and/or reckless conduct attributable to them.

### Fifth Affirmative Defense

To the extent the Complaint seeks damages for an alleged breach of fiduciary duty,

Plaintiff's fail to state a claim upon which relief can be granted. (see Kwiatkowski, 306 F.3d

at 1302) and Plaintiff's have failed to allege any particular or unique facts which could be

construed to give rise to such a duty.

### Sixth Affirmative Defense

To the extent the Complaint seeks damages for an alleged violation of any internal

policies and/or procedures, Plaintiff fails to state a claim upon which relief may be granted

because an alleged violation of such internal guidelines does not give rise to a private right of

action.

### Seventh Affirmative Defense

Plaintiff is not entitled to an award of attorneys' fees, interest or the costs of the instant

proceeding. As a result, Defendant specifically objects to putting attorneys' fees at issue

and/or the awarding of attorneys' fees as such are not permitted in this case as a matter of law.

### Eighth Affirmative Defense

### Plaintiff's claims are barred by the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that Court dismiss the Complaint, with prejudice, and award Defendant's legal fees in defending this baseless claim and issue such other and further relief as the esteemed justice deems just, equitable and proper.

Dated: New York, New York                    Respectfully submitted,

April 5, 2019                                By: _____

                                            Mustafa David Sayid, Esq.

                                            Sayid and Associates LLP

                                            308 Spring Lane

                                            Haworth, NJ 07641

                                            212-262-6188

                                            sayidandassoc@aol.com